UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ERIC J. LONG,
              Plaintiff,

v.

LESLIE ZELLER, SANTIAGO BAEZ,
KRISTINA JENNEY, and STEVEN GIOE,
              Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 5557 (VB)

Briccetti, J.:

      Plaintiff Eric Long, proceeding pro se and in forma pauperis, brings this action claiming defendants violated his rights under the Equal Protection Clause. (Doc. #2).

      Now pending before the Court are: (i) plaintiff's motion for emergency relief to enforce the terms of a custody and visitation order issued on consent by the Orange County Family Court (Doc. #3); (ii) plaintiff's motion for a temporary order granting therapeutic and off campus visitation with his daughter (Doc. #10); and (iii) defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. #11).

      For the following reasons, defendants' motion is GRANTED. Plaintiff's motions are DENIED AS MOOT.

## BACKGROUND

      For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true, and draws all reasonable inferences in plaintiff's favor.

      Plaintiff's daughter, "ML," resides at Andrus, a private mental health facility in Yonkers, New York.

1

Plaintiff alleges defendant Zeller, an administrator at Andrus, refuses to return plaintiff's telephone calls regarding scheduling visitation with ML. Plaintiff claims defendants Baez and Jenney, respectively a supervisor and clinician at Andrus, have failed to address his concerns about ML, and intentionally have withheld information that is vital to understanding ML's condition. Plaintiff alleges defendant Gioe, a clinician at Andrus, is acting at the behest of defendant Baez and refusing to make ML available for therapy, or allow plaintiff to participate in ML's therapy. Plaintiff claims defendants' actions have caused him emotional distress and damaged his relationship with ML.

Attached to the complaint is a copy of a Custody and Visitation Order On Consent issued by Judge Lori Currier Woods of the Orange County Family Court. (Compl. at 8-10). Regarding plaintiff's visitation with ML, the Order states that plaintiff "may participate in the therapy, visitation and mental health treatment within the parameters established by the facility [ML] is currently in and all subsequent facilities [ML] may reside in." (Id. at 9). The Order further states, "this Order shall be enforceable by any police or peace officer." (Id.).

Plaintiff seeks an Order granting similar visitation rights, specifically: "weekly counseling sessions and off campus visits every other Saturday between 10 a.m. and 6 p.m." (Compl. at 6). Plaintiff further seeks a thirty day jail sentence for defendants, should they fail to comply with the Court's Order.

## DISCUSSION

I. Legal Standard

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston,

2

Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation marks omitted). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). If this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). To do otherwise would be a usurpation of state power.

II. Domestic Relations Exception to Federal Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction over this case.

The Court agrees.

Plaintiff's allegations militate against the exercise of jurisdiction. Although plaintiff cites the Equal Protection Clause as the basis for his claim, he alleges neither state action nor disparate treatment. See Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) ("[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race.") (internal quotation marks omitted). The complaint also does not allege facts that would support diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires that the action be between citizens of different states. All parties are alleged to be residents of New York.

Further, the Supreme Court has long recognized an exception to subject matter jurisdiction, called the domestic relations exception, that "divests the federal courts of power to

3

issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Although the domestic relations exception is "very narrow," Williams v. Lambert, 46 F.3d 1275, 1283 (2d Cir. 1995), it is understood that a "federal court presented with . . . issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." Am. Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990).

The sum and substance of plaintiff's complaint concerns a matter of child custody. Plaintiff alleges he has not been able to schedule visits with his daughter, and the relief he seeks is a certain schedule of weekly therapy appointments and bi-weekly visitation. "Since the very early dicta [of] In re Burrus, 136 U.S. 586 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation." Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir. 1967); see also HMG & HLG v. Johnson, 2014 WL 11370122 at *3 (S.D.N.Y. Aug. 15, 2014), aff'd, 599 F. App'x 396 (2d Cir. 2015).[1]

Moreover, plaintiff does not allege an "obstacle" to the "full and fair determination" of his visitation rights in the New York state court. Am. Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990). In fact, the order of the Orange County Family Court submitted with plaintiff's complaint provides a mechanism for enforcement, stating that it "shall be enforceable by any police or peace officer." (Compl. at 9). In addition, it is self-evident that the Family Court retains jurisdiction to clarify, amend or modify the terms of its own order. See N.Y. Dom. Rel. Law § 76-a; Scott v. Jackson, 38 A.D.3d 788, 789 (2d Dep't 2007) ("a New York court that has

---

[1] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

issued an initial custody determination retains exclusive, continuing jurisdiction with respect to issues of custody and visitation").

Thus, whether plaintiff's asserted basis for subject matter jurisdiction is diversity of citizenship or federal question, his claims would be barred by the domestic relations exception to the jurisdiction of the federal courts. See Schottel v. Kutyba, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (affirming dismissal of a complaint that was "at heart, a dispute surrounding the custody of [plaintiff's] child").

Accordingly, the Court is without jurisdiction to issue an order granting plaintiff visitation rights, or subjecting defendants to penalties for their alleged failure to acknowledge the same. As such, the Court will not consider the merits of plaintiff's petitions for emergency and temporary relief.[2]

---

[2] The Court does not find any allegations in the complaint, liberally construed, that suggest plaintiff has a valid claim he has merely "inadequately or inartfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). On the contrary, the Court finds that repleading would be futile, because the problems with the complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies. Id. Accordingly, the Court declines to grant leave to amend.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. (Doc. #11).

Plaintiff's motions are DENIED AS MOOT. (Docs. ##3, 10).

The Clerk is instructed to terminate the pending motions (Docs. ##3, 10, 11), and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: October 30, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge